IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WHITNEY JOE RILEY,           )
                             )
            Plaintiff,       )
                             )
v.                           )    Case No. CIV-07-351-RAW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social       )
Security Administration,     )
                             )
            Defendant.       )

**REPORT AND RECOMMENDATION**

Plaintiff Whitney Joe Riley ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous

period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of

---

At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 5, 1988 and was 17 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade, when she dropped out of school. Claimant has essentially not worked. Claimant asserts an inability to work due to foot problems, asthma, vision problems, psychiatric problems, including an inability to control her temper and difficulty getting along with others.

**Procedural History**

On November 22, 2004, an application for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 et seq.) was filed on Claimant's behalf. Claimant's application for benefits was denied initially and on reconsideration. ALJ, Jennie McLean held a hearing to consider the application on August 9, 2006 in Ardmore, Oklahoma. By decision dated November 22, 2006, the ALJ found that Claimant was not eligible for Supplemental Security Income. On May 20, 2004, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

3

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant's alleged conditions did not meet a listing and he had not been under a disability at any time since the alleged onset date.

**Alleged Errors**

Claimant asserts that the Commissioner, through the ALJ and Appeals Council, erred in (1) concluding Claimant did not have any medically determinable impairments; and (2) failing to obtain relevant records from Claimant's treating physicians concerning the testing and diagnosis of chronic asthma. Because the second issue has a direct bearing on the first, in this Court's view, it will be addressed first.

**Failure to Develop the Record**

Claimant contends the ALJ failed to develop the record in three specific areas: (1) failing to obtain all of the medical records which were available concerning her treatment for asthma; (2) failing to elicit testimony from Claimant regarding her vision problems; and (3) failing to obtain a consultative mental examination. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ

4

bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361. The primary consideration on review is whether the record was sufficiently developed to reflect (1) the nature of a claimant's alleged impairments; (2) the ongoing treatment and medication the claimant is receiving; and (3) the impact of the alleged impairment on a claimant's daily routine and activities. Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992).

Claimant's most prominent condition from which she allegedly suffers and claims disability is asthma. Claimant stated in her initial filings with the Social Security Administration that she had been treated for the condition by Dr. Don Rippee (spelled "Rippy" by Claimant in the filings) since the year 2000. (Tr. 72). The Social Security Administration then requested records from Dr. Rippee from November of 2003 to the present. (Tr. 105).

5

Dr. Rippee provided records which indicate was treated on July 13, 2004 for her asthma. Claimant received refills for her Albuterol and Combivent inhalers. Claimant also requested a nebulizer. Dr. Rippee noted Claimant's diagnosis as "chronic asthma." (Tr. 107).

Claimant also saw Dr. Rippee on November 2, 2004, complaining of a cough and congestion. Claimant was diagnosed with acute bronchitis. Claimant again received a refill for Albuterol. (Tr. 106).

On September 20, 2005, Claimant was evaluated by Dr. Keley John Booth. Dr. Booth noted Claimant had a history of asthma with treatment with Albuterol and Combivent and a nebulizer. (Tr. 164). Dr. Booth concluded Claimant's asthma appeared "to be stable at this time." (Tr. 165).

Nothing in the record disputes Claimant's contention that she suffers from chronic asthma. However, it is equally true that nothing in the record suggests that the condition is anything other than stable under treatment. Indeed, when the Social Security Administration requested records from Dr. Rippee beginning in November of 2003 to present, he only produced records from July and November of 2004, demonstrating Claimant only sought and received sporadic treatment for her chronic condition. The treatment that she did receive was merely a refill of previously prescribed medications. The record does not support Claimant's contention that

6

her stable, treated asthma affects her ability to engage in employment. Thus, the ALJ's development of the record on this issue satisfies the requirements of Musgrave.

The second area with regard to which Claimant challenges the adequacy of the ALJ's development of the record concerns her vision problems. In the consultative examination, Dr. Booth noted Claimant's vision to be 20/200 in her right eye and 20/50 in her left with glasses. He generally noted her vision to be "over 20/200" in both eyes without the benefits of glasses. (Tr. 167). In her testimony at the administrative hearing, Claimant stated she had "trouble seeing, but I can read." (Tr. 183). No further questioning by either the ALJ or Claimant's counsel occurred at the hearing.

Claimant contends that this evidence was sufficient to put the ALJ on notice that further testing or examination by an eye specialist was required to ascertain the extent of Claimant's vision problems. Claimant had stated in her initial filings that she "can't see far away." (Tr. 48). However, in those same filings, Claimant stated she goes to school full time, could read and understand sentences and stories, and watches television. (Tr. 50, 51, 63). While the initial filings indicate she drives a car, Claimant testified at the hearing that she did not know how to drive or possess a driver's license. (Tr. 51, 198).

When a claimant is represented by counsel at the administrative

hearing, the ALJ should ordinarily be able to rely upon the claimant's counsel to present the claimant's case in a way such that all claims are adequately explored without imposing an additional duty to develop the record on the ALJ. Hawkins v. Chater, 113 F.3d 1162, 1167-1168 (10th Cir. 1997). As a result, an ALJ is not required "to order a consultative examination unless the need for one is clearly established in the record." Id. at 1168.

The evidence in the record did not give rise to a clear need for a consultative examination of Claimant's vision. While Claimant has a need for vision correction, the lack of evidence that her vision restricts her activities belies any requirement for further consultation. Thus, this Court finds not error in the ALJ's failure to employ the services of an additional consultative examiner.

Claimant also contends the ALJ should have sought the services of a consultative mental examiner, based upon the evidence in the record. Again, Claimant's agency counsel did not request a consultative mental health examination. In his November 2, 2004 examination notes, Dr. Rippee noted a normal mental health assessment. (Tr. 107). At various times throughout the medical record, Claimant was found to be alert, oriented, normal, and able to answer questions. (Tr. 77, 104). At the consultative examination by Dr. Booth, Claimant appeared somewhat depressed of mood with a flat affect but, otherwise, exhibited normal behavior, speech and thought processes. (Tr. 165). Claimant did testify of

8

anger issues which affected her continued employment at various jobs. (Tr. 196). She testified she does not "like people telling [her] what to do." (Tr. 197). However, she also testified she has friends and the reason she doesn't go out with them is attributed to it being to hot, making it harder for her to breathe. (Tr. 198). She states she saw a physician in 2000 for her anger and was prescribed Paxil and Buspar, which she stated helped her anger. However, she also states she was kicked out of counseling because she "went off" on her counselor. (Tr. 199).

In her decision, the only reference to Claimant's psychological condition is an acknowledgment of Claimant's problems with "controlling her temper and difficulty getting along with others." (Tr. 20). In finding Claimant did not suffer from any severe impairment, the ALJ stated "regarding the claimant's psychiatric condition, the undersigned notes the claimant did not have an Individualized Educational Program while in school." (Tr. 21).

The record clearly established a need for a consultative psychological examination. Claimant's testimony concerning past treatment and the direct effect her alleged anger problems has had upon her employment history accentuates the need for such an examination in this case. On remand, the ALJ shall obtain the necessary consultative examination to ascertain Claimant's mental condition and the effect any problem from which she suffers has upon her ability to work.

9

### Step Two Analysis

Since the ALJ has failed to obtain all necessary medical evidence to determine whether Claimant suffers from a severe impairment, her evaluation at step two is not supported by substantial evidence.

### Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge respectfully recommends the ruling of the Commissioner of Social Security Administration be **REVERSED AND REMANDED** for further proceedings consistent with this opinion. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 2nd day of March, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE